[Civ. No. 68017. Second Dist., Div. One. Feb. 17, 1984.]

MANATT, PHELPS, ROTHENBERG & TUNNEY,
Plaintiff and Respondent, v.
ARTHUR G. LAWRENCE et al., Defendants and Appellants.

**COUNSEL**

Edward J. Horowitz and Jerry H. Stein for Defendants and Appellants.

John W. Cochrane, in pro. per., Paul J. Hall and Manatt, Phelps, Rothenberg & Tunney for Plaintiff and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Defendants Arthur Lawrence, Lorraine Howell, Arlok, Inc., Stratford International, Inc. and Three-Thirteen Corporation

appeal from order granting petition of plaintiff Manatt, Phelps, Rothenberg & Tunney to confirm arbitration award, and denying their (defendants') petition to vacate award and their motion for leave to file cross-complaint.[1]

Plaintiff law firm rendered legal services to defendants from January 1978 through May 1980 pursuant to an oral contract. Throughout this period plaintiff billed defendants for services rendered. Defendants initially made payments on these bills. However, as of the termination of such representation in May 1980, they had ceased payment, and plaintiff demanded as due and owing the sum of $82,208.25. Upon defendants' failure to pay, plaintiff filed an action in superior court on an account stated, open book account and quantum meruit. Pursuant to the mandatory fee arbitration provisions of Business and Professions Code section 6200 et seq., defendants requested binding arbitration of the fee dispute. The judicial proceedings were stayed by order of the court until the award of arbitration issued or the arbitration proceeding was otherwise terminated. (Bus. & Prof. Code, § 6201, subd. (c).) From September to December of 1980, defendants requested and received the assistance of the arbitration panel in compelling plaintiff to produce documents relating to specific billings.

The first arbitration hearing was scheduled for January 22, 1981. Defendants sought a 90-day continuance of this hearing claiming they needed additional time to review the documents produced under the discovery orders. The request was denied and the hearing was held. A second hearing was had on March 1, at which time plaintiff agreed to produce additional documents requested by defendants. On March 13, defendants again requested a 90-day continuance of the next scheduled hearing, as well as a 90-day extension of time to file declarations. Both requests were denied. The third hearing was to be held on March 27. On March 20, defendants purported to file an answer and cross-complaint[2] in the judicial action which had been stayed pending arbitration, seeking damages based on allegations of fraud and deceit, breach of fiduciary duty and professional misconduct, breach of oral contract, conversion, intentional infliction of severe mental and emotional distress and abuse of process. Defendants notified the arbitration panel of such filing, asserting: "Petitioners hereby consider the above-referenced arbitration matter to be terminated." The arbitrators re-

---

[1]Actually, defendants have appealed from a minute order dated November 20, 1981, on which a subsequent (Dec. 29, 1981) judgment was entered in favor of plaintiff and against defendants for $82,208.25 plus interest. However, in light of the appellate challenge to the jurisdiction of the arbitrators, we deem the appeal to have been taken from the judgment.

[2]The cross-complaint was presented at the window of the county clerk and stamped "filed." Later it was stricken as improperly filed while the proceedings were stayed; more accurately it should be referred to as an attempted filing.

sponded: "The arbitrators find no merit in the contention that the arbitration is terminated. The date, time and place for the third hearing remains unchanged." Plaintiff moved to strike the answer and cross-complaint; the court granted the motion, stating in its minute order: "Stay is in effect and these [*sic*] cross-complaint and answer should not have been filed." Defendants then filed motion seeking to have the stay lifted and to have the case removed from arbitration and reinstated to the superior court trial calendar. The motion was heard and denied after the third arbitration hearing was held. Following the fourth hearing, and after more than 22 hours of testimony had been taken and voluminous documents and declarations had been received in evidence by the arbitrators, the panel issued its award in favor of plaintiff in the entire amount of the prayer. The panel concluded that an account had been stated between plaintiff and defendants and the entire sum claimed was due and owing by defendants.

Plaintiff filed a petition in superior court to confirm the award; defendants filed a petition to vacate award and a motion for leave to file cross-complaint. All three matters were heard on November 20, 1981; the court granted the petition to confirm arbitration award and denied defendants' petition and motion. Judgment was entered in favor of plaintiff and against defendants in the amount of the award.

 Appellants challenge the authority of the arbitration panel to decide that the arbitration was not terminated, and assert the authority of the trial court to terminate the arbitration proceedings. The parties concede there is no clear statutory or case authority dispositive of the issue of under what circumstances and by whom a mandatory fee dispute in arbitration may be terminated. We therefore are guided by analogy to other arbitration proceedings and the established policies favoring arbitration as a means of resolving disputes.

Defendants first attempted to terminate the arbitration by "filing" a cross-complaint seeking affirmative relief for damages based upon alleged malpractice and attorney misconduct. By this act, they intended to waive their right to maintain the arbitration as provided in Business and Professions Code, section 6201, subdivision (d).[3] They notified the arbitration panel of this action and informed them that they considered the arbitration proceeding terminated. It was in this manner defendants presented to the arbitrators

---

[3]Business and Professions Code section 6201, subdivision (d) provides in pertinent part: "A client's right to request or maintain arbitration . . . is waived by the . . . filing of any pleading . . . seeking affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct."

the question of termination; the arbitrators proceeded to resolve this submitted issue. The arbitrators' power is derived from the Rules for Conduct of Arbitration of Fee Disputes and Other Related Matters of the Los Angeles County Bar Association (Bus. & Prof. Code, § 6200, subd. (c), and Guidelines and Minimum Standards for the Operation of Mandatory Fee Arbitration Programs, Professional Rules, § I, subd. 1.) Rule 6 thereof provides in pertinent part: "Each arbitration panel shall have the authority to determine jurisdiction and shall decline to act if there is a determination that it lacks jurisdiction." The question of jurisdiction was raised by defendants' assertion that the arbitration was terminated. The panel clearly had the authority to make a determination as to its jurisdiction, and did so by finding no merit in the contention that the arbitration was terminated.

Defendants elected to proceed by way of arbitration rendering it mandatory for the plaintiff to submit thereto, and thereupon both parties agreed to binding arbitration of the fee dispute which necessarily included the question of the panel's jurisdiction to proceed with the arbitration after defendants' attempted filing of the cross-complaint. ■ Our review of the arbitrators' decision is very narrow. "Whether they were right or wrong, the arbitrators decided the issue that was properly before them, and the decision arrived at was one that the parties by their contract agreed should be conclusive. If there is an error in law it is not reviewable by the courts unless we are able to say that the arbitrators gave a completely irrational construction to the provision in dispute. [Citations.]" (*Jones* v. *Kvistad* (1971) 19 Cal.App.3d 836, 843 [97 Cal.Rptr. 100]; see also *University of San Francisco Faculty Assn.* v. *University of San Francisco* (1983) 142 Cal.App.3d 942, 955 [191 Cal.Rptr. 346].) ■ Appellants' interpretation of Business and Professions Code section 6201, subdivision (d) would allow a client who had requested and begun arbitration, had entered into an agreement with the law firm that arbitration of the fee dispute would be binding and after testimony had been taken, evidence received and documents produced and filed, to unilaterally withdraw from such proceedings by filing a pleading seeking affirmative relief against the attorney in superior court. Such a procedure would rob the fee arbitration process of any potential for fairness. A client has the statutory right to compel an attorney to arbitrate a fee dispute. (Bus. & Prof. Code, § 6200, subd. (b).) If the client also has the power to force the attorney back to court at any time during the arbitration proceeding, a client who is dissatisfied with or uneasy or fearful of an apparent unfavorable outcome of the arbitration simply could file a pleading for affirmative relief and start over in the superior court to try for a better result under a claim that he had "waived" his right to arbitrate. This would be an unreasonable result. We cannot find that the arbitrators accorded an irrational

construction to section 6201, subdivision (d) by their refusal to terminate the proceedings pursuant to defendants' claim of waiver.[4]

When defendants failed in their attempt to terminate the arbitration by notice to the arbitration panel, they then sought the termination by motion directed to the superior court to lift the stay and remove the cause from arbitration. ■ Appellants contend the trial court had the authority to terminate the arbitration proceedings. We agree, despite the absence of statutory description of instances when the trial court can terminate arbitration of a fee dispute. Similarly, the court in *Invicta Plastics, U.S.A., Ltd.* v. *Superior Court* (1981) 120 Cal.App.3d 190 [174 Cal.Rptr. 476] found no specific statute or court rule which provided how and when a case may be removed from judicial arbitration. It looked to rule 1600.5(f) of the Rules of Court, which provides that a court may find an action, otherwise subject to arbitration, to be exempt from arbitration on the ground that arbitration would not reduce the probable time and expense necessary to resolve the litigation. "This implies an authority and discretion in the trial court to determine an action is exempt. A corollary thereof is authority to remove a cause from the arbitration list or calendar once the finding is made that it would not be amenable thereto. The authority to make such a finding and to remove the cause is thus inferred from a specific rule, authorized by the statute, and entrusted to the sound discretion of the trial court." (P. 193.)

Absent direct authority as to how and when a fee dispute may be removed from arbitration, we look to Business and Professions Code section 6201, subdivision (c), which authorizes a trial court to grant a stay of judicial proceedings when a request is filed for arbitration "unless the court finds that the matter is not an appropriate one for arbitration under the provisions of this article." Following the *Invicta* reasoning, this section implies an authority and discretion in the trial court to determine whether the matter is an appropriate one for arbitration, and the necessary corollary thereof is that the court has the authority to lift the stay of the judicial proceeding if it subsequently makes a finding that the dispute is not amenable to arbitration. The analogy is persuasive and we agree with appellants' assertion that

[4]This determination was in keeping with the position of the Los Angeles County Bar Arbitration Committee as expressed in an opinion letter of October 28, 1980: "Whether an arbitrator should proceed to arbitrate a matter where it determines that it has jurisdiction over only a part of the dispute is obviously dependent on the facts of the particular case. However, as a general matter there is no reason why the arbitration should not proceed. A case involving evidence of malpractice is a good example: Absent an agreement by the parties, regardless of the claims made in the petition the arbitrator is without power to arbitrate an affirmative malpractice claim. Nevertheless, to the extent evidence of malpractice is relevant to a determination of the reasonableness of the fee the arbitrator has jurisdiction to consider the matter and should proceed to consider it."

the trial court had the authority to terminate the arbitration proceedings if it found the matter not amenable to arbitration.

■ The next query is whether the trial court should have exercised this authority. The answer hinges on whether the court determined the matter was not amenable to arbitration, and whether that determination was proper. Defendants attempted to file a claim for affirmative relief against plaintiff. By this action, they claimed their case was no longer amenable to arbitration in that they had waived their right to arbitrate the dispute. They sought to invoke the concept of waiver in this case as an affirmative right relieving them of their agreement to proceed with the binding arbitration of the dispute and permitting them to return to the judicial forum.

This is the converse of the normal claim of waiver which is asserted by the opposing party to avoid being compelled to arbitrate a dispute. ■ These usual claims of waiver are closely scrutinized; arbitration is strongly favored and every intendment should be indulged to give effect to arbitration proceedings. (*Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 189 [151 Cal.Rptr. 837, 588 P.2d 1261].) We see no reason to depart from such policy of close scrutiny in this posed unusual claim of waiver.

■ Appellants claim they agreed to binding arbitration when they thought the dispute simply revolved around the amount of fees billed by plaintiff. Only through subsequent discovery of documents, they contend, did they become aware of their claims for affirmative relief which were not amenable to arbitration. However, the record includes declarations which indicate that defendants were sophisticated business people, one of whom was a law student, the other a licensed attorney. Defendants shared office space with plaintiff law firm and were integrally involved in the work done on their behalf by plaintiff. They had been offered access to the very documents, computer billing sheets, which they now contend revealed the affirmative claims. We view their claim of newly discovered causes of action, as perhaps did the trial court, with some skepticism.

In considering appellants' claim of waiver, the case of *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 780 [191 Cal.Rptr. 8, 661 P.2d 1088], is instructive. There a plaintiff elected the judicial forum, yet in his complaint and amended complaint recited a preservation of the right to arbitrate the dispute in accordance with the contractual provision. After unfavorable pretrial rulings against him, plaintiff dismissed the complaint and filed a petition to compel arbitration. The Supreme Court decried plaintiff's "procedural gamesmanship," stating: " 'The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to

create his own unique structure combining litigation and arbitration.' [Citation.]" *(Christensen* at p. 784.) Defendants in the present action also attempted to move freely between the two forums utilizing their claim of waiver as a free pass out of binding arbitration. In *Christensen* the court found plaintiff had waived his right to arbitration; in the converse situation before us, it is appropriate to consider defendants as having waived their right to return to the trial court prior to the end of the arbitration they elected to invoke and sought to make binding on plaintiff.

In *Invicta Plastics, U.S.A., Ltd.* v. *Superior Court, supra,* 120 Cal.App.3d 190, plaintiff filed an action, then elected to submit the cause to arbitration and agreed that the arbitration award would not exceed the $15,000 jurisdictional limit for arbitration. Seven months later he moved to withdraw the case from arbitration and file an amended complaint seeking in excess of $15,000. "Whether this was done upon a mere whim or a ruse to avoid the earlier choice [arbitration] or because of an honest belief in the existence of facts indicating the presence of a recently recognized cause of action, all as alleged here, was a question of fact for the trial court to determine. . . . [¶] . . . Additionally, no good reason appears why the trial court should not have the discretion to decide whether the particular request is a mere stall, or misuse of the procedures available to the litigant." (Pp. 193-194.) The trial court in the present case considered defendants' evidence upon which they sought to terminate arbitration and return to the court. Exercising its discretion, the court decided that the request should not be granted, and our review of that decision reveals no abuse of judicial discretion in its determination of this question of fact.

 Appellants also argue that denial of their motion to terminate the arbitration was contrary to the purposes of the arbitration statutes. The California Supreme Court in its most recent discussion of arbitration once again sets forth "this state's strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." *Ericksen, Arbuthnot, McCarthy, Kearny & Walsh, Inc.* v. *100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].) We see no result contrary to this policy from the insistence in this case that the arbitration process, once begun, must be completed.

 The policy behind the mandatory fee arbitration statutes is somewhat more specific; it is to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. (Hargarten, *Fine Tuning California's Mandatory Attorney Fee Arbitration Statute* (1982) 16 U.S.F. L.Rev. 411, 415.) The process favors the client

in that only the client can elect mandatory arbitration of a fee dispute; the attorney must submit the matter to arbitration if the client makes that election. Again we see no result contrary to this policy in the trial court's refusal to terminate the arbitration. Appellants predicate their position of prejudice on the assumption that unless they are permitted to file their cross-complaint they will be forever precluded from asserting their claim for affirmative relief thereby inviting us to, in effect, rule on the propriety of the assertion of any affirmative claim they may have against plaintiff by filing a subsequent action for malpractice. We are not prepared to do so at this time because on the state of the record before us the question whether a subsequent action for malpractice based upon information discovered in the arbitration proceeding will lie or is contemplated by section 6204, subdivision (c) Business and Professions Code,[5] is not before us. Surely, defendants suffered no prejudice in the arbitration process inasmuch as they were allowed to and did present extensive evidence of the alleged professional misconduct and malpractice as a defense and to mitigate the claim for fees due. The trial court's refusal to terminate the arbitration was not contrary to the policies behind the arbitration statutes.

 Appellants' final contention that the arbitrators' award exceeded the scope of the submission to them is entirely without merit. The submission was the attorney fee dispute. Defendants chose to introduce evidence of plaintiff's alleged professional misconduct, fraud, overcharges, secret bonuses and other improprieties as a defense to its claim for fees due and owing. Defendants expressly reserved any affirmative claims against plaintiff based on such evidence from the consideration of the arbitration panel. "The determination of which issues were actually necessary to the ultimate decision was a question to be resolved by the arbitrators. [Citations.]" (*Jones* v. *Kvistad, supra,* 19 Cal.App.3d 836, 843.) The arbitrators in their award recite the allegations made by defendants and state that they considered such evidence. However, they made no findings of fact regarding such allegations, nor does the award encompass any claim for affirmative relief. The arbitrators found an account had been stated between plaintiff and defendants and that there was due and owing from defendants to plaintiff the amount of $82,208.25 plus interest. The award is limited to the submitted issue of attorney fees. The arbitrators did not exceed the scope of the submission to them.

Respondent asks us to impose sanctions against appellants for taking this appeal strictly for the purpose of delay in order to take advantage of the

---

[5]In part section 6204, subdivision (c) reads: "[T]he award and determinations of the arbitrators shall not be admissible nor operate as collateral estoppel or res judicata in any action or proceeding."

differential between the rate of legal interest and the rate of interest in the open market. Under the standards set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 648-651 [183 Cal.Rptr. 508, 646 P.2d 179], we do not deem this to be a proper case for the imposition of such sanctions.

The judgment is affirmed.

Hanson (Thaxton), J., and Dalsimer, J., concurred.

A petition for a rehearing was denied March 12, 1984, and appellants' petition for a hearing by the Supreme Court was denied May 24, 1984.