[No. E001656. Fourth Dist., Div. Two. Feb. 13, 1986.]

ALOYSIUS JUODAKIS, Plaintiff and Appellant, v.
THOMAS W. WOLFRUM, Defendant and Respondent.

**COUNSEL**

Overland, Berke, Wesley, Gits, Randolph & Levanas, Robert Berke and Yolanda Orozco for Plaintiff and Appellant.

Jon R. Rolefson for Defendant and Respondent.

**OPINION**

**McDANIEL, J.**—The proceeding in the trial court was to confirm an arbitration award rendered by a State Bar panel convened to resolve a fee dispute between plaintiff, a former criminal client of defendant attorney, and defendant. The trial court declined to confirm the award, and ordered it vacated upon the authority of section 6201, subdivision (d) of the Business and Professions Code.[1]

---

[1] At the time of the action in the trial court, Business and Professions Code section 6201, subdivision (d) provided: "A client's right to request or maintain arbitration under the provisions of this article is waived by the commencement of an action or the filing of any pleading by the client seeking judicial resolution of a fee dispute in which subdivision (a) of section 6200 applies, or seeking affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." Section 6201 was amended in 1984, and a minor, nonsubstantive change was made to subdivision (d). Unless otherwise indicated, all future statutory references will be to the Business and Professions Code.

Plaintiff appealed from the formal order vacating the award, contending: (1) section 6201, subdivision (d) does not apply to this case; (2) there is no factual evidence that plaintiff waived his right to arbitrate; (3) defendant is estopped from raising the waiver issue; and (4) the trial court had no jurisdiction to vacate the award.

## FACTS

In November 1981, defendant, acting as an attorney, agreed to represent plaintiff in various criminal matters. The following month, plaintiff paid defendant $37,000 for such representation, and the following month plaintiff discharged defendant. Some time later, plaintiff requested arbitration of the $37,000 fee, pursuant to Business and Professions Code sections 6200 through 6202.

An arbitration hearing was held beginning on December 9, 1983. Apparently, the matter was continued for further hearing on another day, but we have no record of when the further hearing was held.

On January 23, 1984, and before any award had been announced in the arbitration proceeding, plaintiff filed a complaint against defendant, alleging negligence, intentional tort, and breach of contract, all arising out of a relationship based on the November 1981 retainer agreement. The record does not reveal how or when defendant found out about plaintiff's filing of the action noted.

July 24, 1984, the arbitration panel filed its findings and award. Defendant was ordered therein to refund $16,136 to plaintiff.

Sometime later (the record does not show when), defendant asked the arbitration panel to correct or vacate the award on the grounds that plaintiff had waived arbitration by filing the complaint. Defendant's request was referred by the panel to the State Bar Court, which did not respond thereto.

On October 1, 1984, plaintiff noticed a petition to confirm the arbitration award. Thereupon, defendant asked that the award be vacated, arguing, pursuant to sections 6200, subdivision (a),[2] and 6201, subdivision (d), *su-*

---

[2]At the time of the action in the trial court, section 6200, subdivision (a) provided in relevant part: "The Board of Governors shall, by rule, establish, maintain and administer a system and procedure for the arbitration of disputes concerning fees charged for professional services by members of the State Bar . . . [¶] This section shall not apply to any of the following: . . . (2) Disputes where the client seeks affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct." Section 6200 was amended in 1984 to provide that the arbitrators may receive evidence as to claims of malpractice and professional misconduct insofar as such evidence relates to the fee dispute, but that the arbitrators shall not award affirmative relief for injuries underlying any such claims.

*pra,* that the arbitration panel had no jurisdiction to conduct any proceedings after plaintiff had filed his complaint. After a hearing, the trial court ordered the award vacated as required by section 6201, subdivision (d).

### DISCUSSION

### I

### SECTION 6201, SUBDIVISION (d)

█ As noted, section 6201, subdivision (d) provides that a client waives his right to *maintain* a State Bar arbitration by commencing or filing a pleading seeking "judicial resolution of a fee dispute," or "affirmative relief against the attorney for damages." Plaintiff attempts to avoid the application of the "affirmative relief" portion of the statute by arguing, because the words "judicial resolution" are not repeated therein, that the waiver applies only to affirmative relief which is sought within the arbitration process itself. Such a contention is wholly without merit if not specious. As plaintiff notes, section 6200, subdivision (a), *supra,* provides that the arbitration process does *not* apply to claims for "affirmative relief against the attorney for damages." Accordingly, it would be meaningless to provide that anyone who pursues such claims would also waive his right to arbitrate the fee dispute. Moreover, the words "affirmative relief" in section 6201, subdivision (d) are qualified by "the commencement of an action or the filing of any pleading" ("A client's right to . . . maintain arbitration . . . is waived by *the commencement of an action or the filing of any pleading* by the client *seeking judicial resolution of a fee dispute . . . or seeking affirmative relief against the attorney for damages"*). (Italics added.) Therefore, such words ("affirmative relief") must necessarily refer to the judicial, rather than the arbitration, process.

### II

### FACTUAL EVIDENCE OF WAIVER

█ Relying on cases in which the right to arbitration was a provision of the underlying *contract,* and the waiver of that right a question of fact, plaintiff contends that the waiver of the *statutory* right to arbitration here is also a factual question, and that there was no evidence to support such a waiver. However, this is not a contractual arbitration case, and the rules as to waiver in those cases do not apply here.

█ Plaintiff also relies on the State Bar fee arbitration cases of *Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence* (1984) 151 Cal.App.3d 1165

[199 Cal.Rptr. 246], and *Reisman* v. *Shahverdian* (1984) 153 Cal.App.3d 1074 [201 Cal.Rptr. 194]. However, these cases are inapposite.

In *Manatt*, the *clients* tried unsuccessfully to use section 6201, subdivision (d) to relieve them of the fee arbitration which they had requested after their attorneys had filed a judicial action to collect their fees. The attorneys' suit had been stayed by the arbitration, and the clients had attempted to return to court by filing an answer and a cross-complaint in the judicial action, then claiming that they had waived arbitration by seeking affirmative relief against the attorneys. The arbitration panel rejected the claim, and returned an award in favor of the attorneys. On appeal the court reasoned that section 6201, subdivision (d) could not be used as an affirmative right to "move freely between the two forums utilizing [the] claim of waiver as a free pass out of binding arbitration," and held that the clients had "waived their right to return to the trial court prior to the end of the arbitration they elected to invoke and sought to make binding on [their attorneys]." (*Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence, supra,* 151 Cal.App.3d 1165, 1174.)

In this case, however, section 6201, subdivision (d) was invoked by the *attorney* as a *defense* to an arbitration which he had *not* requested. There was no attempt by the attorney here, as there was by the clients in *Manatt* and the client here, to have two bites at the same apple at the same time. As the trial court said here, "[Y]ou can go to arbitration [or] you can file a lawsuit. . . . You can't go both ways at the same time."

As to *Reisman* v. *Shahverdian, supra,* 153 Cal.App.3d 1074, plaintiff relies on language which provides that State Bar arbitration is a "nonjudicial alternative to dispute resolution . . . whether the arbitration occurs before a lawsuit is filed . . . or . . . [after] a lawsuit is stayed, or ceased." (*Id.,* at p. 1091.) Such language, however, is *consistent* with the trial court's finding that plaintiff waived the arbitration by filing his suit, and we fail to understand plaintiff's argument that the language "lends support to the position that there was no waiver in this case."

Plaintiff also contends that his filing of the suit against plaintiff was not inconsistent with his *intent* to proceed with arbitration, because the proceedings involved different issues and remedies. Not so. First, the quality of defendant's services was involved in both proceedings, in that plaintiff claimed at the arbitration hearing that he was entitled to a refund of the entire fee because he "received no benefit from [defendant's] services." Second, the issue of intent is irrelevant to a section 6201, subdivision (d) waiver, because such a waiver occurs when the client files the complaint, irrespective of his intention in doing so.

In short, the above statute provides the client with an *alternative* method of resolving a fee dispute with his attorney, *not one in addition* to traditional litigation.

## III

### ESTOPPEL

■ Plaintiff contends that defendant should be estopped from raising the waiver issue, because "there is no evidence in the record" that defendant notified plaintiff of his, defendant's, intention to raise the issue until plaintiff had filed his petition to confirm the award. Plaintiff argues that he was prejudiced by such alleged failure to notify, in that he was unable to respond to the waiver issue in the arbitration forum. Significantly, however, plaintiff does not claim that defendant did *not* notify him of the waiver issue in the arbitration forum, or that he, plaintiff, was *unaware* of the issue before he filed his petition to confirm the award. Nor did plaintiff make any such claim in the trial court, where he argued only that the filing of his complaint did not constitute a waiver pursuant to section 6201, subdivision (d). Moreover, the record reveals that plaintiff undoubtedly was aware of the waiver issue in the arbitration forum.

More specifically, as noted, defendant requested the arbitration panel to correct or vacate the award on grounds that plaintiff had filed the complaint noted, and defendant's request was referred to the State Bar Court, which made no response thereto. The record contains no copies of either the request or the referral; the only references to the documents are in defendant's opposition to plaintiff's petition to confirm the award. Despite this gap in the record, however, we are persuaded that plaintiff would have been served with a copy of either the request, or the referral, or both, and therefore would have been aware of the waiver issue in the arbitration forum. Accordingly, plaintiff's estoppel claim is meritless, because he was not "ignorant of the true state of facts." (*In re Marriage of Valle* (1975) 53 Cal.App.3d 837, 841 [126 Cal.Rptr. 38].)

■ In any case, the existence of an estoppel is generally a question of fact for the trial court, and becomes a question of law when the evidence is not in conflict and is susceptible of only one reasonable inference. (*Driscoll v. City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) Here, because the issue was not before the trial court we have no factual determination to review, and because, as noted, there are material gaps in the evidentiary record we cannot decide the question as a matter of law.

## IV

### THE TRIAL COURT'S JURISDICTION TO VACATE THE AWARD

■ Plaintiff contends that the trial court had no power to vacate the award, despite the court's finding that plaintiff had waived arbitration pursuant to section 6201, subdivision (d). We do not agree.

Section 6203, subdivision (b) provides that an arbitration award "may be confirmed, corrected, or vacated . . . as provided in Chapter 4 (commencing with Section 1285) of Title 9 of Part 3 of the Code of Civil Procedure."

Code of Civil Procedure section 1286.2 provides in relevant part: "[T]he court shall vacate the award if the court determines that: . . . (d) [t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

Without citing any relevant authority, plaintiff argues that "simply stated," a finding of waiver pursuant to section 6201, subdivision (d) "is not a ground for vacating the award under Code of Civil Procedure, Section 1286.4 [sic]."[3] "Simply stated," we hold that it is.

### DISPOSITION

The order appealed from is affirmed.

Kaufman, Acting P. J., and Rickles J., concurred.

A petition for a rehearing was denied March 14, 1986, and appellant's petition for review by the Supreme Court was denied May 8, 1986.

---

[3]Code of Civil Procedure section 1286.4 is concerned with notice requirements as to the vacation of an award, and plaintiff has raised no such issue here.