**MEIS AND WAITE, a partnership, Plaintiff,**

v.

**William Mathew PARR, Hotel Cabo San Lucas, S.A., Hotel Hacienda Del Cabo, S.A., Defendants.**

**No. C–85–7965 SC (ARB).**

United States District Court, N.D. California.

Jan. 16, 1987.

Meis and Waite, San Francisco, Cal., for plaintiff.

Herbert F. Blanck, Blanck & Blanck, Camarillo, Cal., for defendants.

## ORDER

CONTI, District Judge.

Plaintiff, a law partnership, brings this action to collect $35,450.00 in attorney's fees. 28 U.S.C. § 1332 confers federal jurisdiction based on diversity of citizenship. Plaintiff's partners are citizens of California. Defendant Parr is a citizen of Mexico residing in Mexico. Defendants Hotel Cabo San Lucas and Hotel Hacienda Del Cabo are corporations incorporated in Mexico.

Plaintiff's claim arises from its representation of a Mexican labor union. Plaintiff alleges that defendants orally agreed to pay for the legal services provided by plaintiff to the Mexican labor union. The action filed on behalf of the Mexican labor union sought to collect $2,853.00 in contracted gratituties and $100,000.00 in punitive damages. Declaration of Herbert F. Blanck in Support of Motion to Dismiss, Ex.A. This action was subsequently settled for $2,853.00. Declaration of Conrad R. Kohrs in Support of Motion to Dismiss, ¶ 4.

Plaintiff claims defendants owe it $35,-450.00 for past legal services.

Before filing the present suit, plaintiff notified defendants of their right to arbitrate the fee dispute pursuant to Cal.Bus. & Prof.Code § 6200 *et seq.* Defendants' Memorandum Opposing Default Judgment, Ex.H. In August 1985, defendants elected to resolve the fee dispute by arbitration. Declaration of Herbert F. Blanck Opposing Default Judgment, ¶ 4. On November 1, 1985, plaintiff filed the present action. In March 1986, this court ordered plaintiff's action stayed pending a decision by the arbitrators. On October 28, 1986, defendants received notice of the arbitration award. Notice of Rejection of Arbitration Award. On November 12, 1986, defendants notified this court of its rejection of the arbitration committee's decision. *Id.*

This matter is presently before the court on plaintiff's motions for summary judgment, default, default judgment, and writ of attachment. In addition, defendants move for dismissal asserting lack of personal jurisdiction, insufficiency of service of process and improper venue.

California's Mandatory Fee Arbitration statutes ("the statutes") establish a system and procedure for the resolution of fee disputes between attorneys and their clients. Cal.Bus. & Prof.Code § 6200 *et seq.* The statutes allow a client to elect mandatory arbitration to resolve a fee dispute. Cal.Bus. & Prof.Code §§ 6200(c), 6201. Once the client elects arbitration, the attorney must submit the fee dispute to arbitration. Cal.Bus. & Prof.Code § 6200(c). This procedure alleviates "the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective inexpensive remedy to a client which does not necessitate the hiring of a second attorney." *Manatt, Phelps, Rothenberg & Tunney v. Lawrence,* 151 Cal.App.3d 1165, 1175, 199 Cal. Rptr. 246 (1984).

In the present case, defendants elected arbitration and plaintiff subsequently filed a federal lawsuit during the arbitration period. In July 1985, plaintiff notified de-

fendants of their right to arbitrate the fee dispute. Defendants' Memorandum Opposing Default, Ex.H. In August 1985, defendants elected to resolve the fee dispute by arbitration. Declaration of Herbert F. Blanck Opposing Default Judgment, ¶ 4. On November 1, 1985, plaintiff filed the present action. On October 28, 1986, defendants received notice of the arbitration award. Notice of Rejection of Arbitration Award.

When resolving a fee dispute, the statutes do not intend that the parties pursue both litigation and arbitration simultaneously. For example, if the client elects arbitration, the statutes automatically stay any existing civil action by the attorney to collect fees until the arbitration's conclusion. Cal.Bus. & Prof.Code § 6201(c). That stay can be lifted only if the attorney shows that the issues are not appropriate for arbitration. *Id.* In the alternative, if the client instigates a lawsuit to resolve the fee dispute, the client waives her right to request or maintain arbitration. Cal.Bus. & Prof.Code § 6201(d); *Juodakis v. Wolfrum,* 177 Cal.App.3d 587, 592, 223 Cal. Rptr. 95 (1986). Lastly, the parties may agree to make the arbitration binding or non-binding. If the parties agree to a non-binding arbitration, the statutes preserve each party's right to challenge the arbitration award by tolling the limitations period for filing a civil action. The statutes toll the limitations period from the arbitration's initiation to 30 days after the receipt of the arbitration award. Cal.Bus. & Prof.Code § 6206.

Plaintiff violated the intent of the statutes. Plaintiff pursued both arbitration and litigation simultaneously by filing its action during the arbitration period. In so doing, plaintiff prevented the statutes' policy of providing the client with an "effective inexpensive remedy ... which does not necessitate the hiring of a second attorney." *Lawrence,* 151 Cal.App.3d at 1175, 199 Cal. Rptr. 246. Here, defendants felt it necessary to retain an attorney during the arbitration period in order to move for a stay of plaintiff's federal action. *See* Letter to Court from Herbert F. Blanck, January 27, 1986.

The court finds then that plaintiff filed this lawsuit in violation of the statutes. Therefore, the court dismisses plaintiff's suit without prejudice.

The statutes allow either party to reject a non-binding arbitration award and request a trial within thirty days after the notice of the award is mailed. Cal.Bus. & Prof.Code § 6204. If neither party requests a trial within this thirty day period, a non-binding arbitration award shall become binding. Cal.Bus. & Prof.Code § 6203(b).

Here, defendants notified this court of its rejection of the arbitration award. Notice of Rejection of Arbitration Award. The court believes that defendants were relying upon plaintiff's federal action when deciding not to initiate their own action. Therefore, the court tolls the statutes' limitations period for rejecting the arbitration award and requesting a trial. Either party shall have thirty days from the date of this order to reject the arbitration award and request a trial. If neither party does so, then the award shall become binding pursuant to Cal.Bus. & Prof.Code § 6203(b).

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiff's action is dismissed without prejudice; and,

(2) the limitations period for rejecting the arbitration award and requesting a trial is tolled. Either party shall have thirty days from the date of this order to reject the arbitration award and request a trial. If neither party does so, then the award shall become binding pursuant to Cal.Bus. & Prof.Code § 6203(b).