108 Cal.Rptr.2d 546 (2001)
90 Cal.App.4th 177
Raul V. AGUILAR, Plaintiff and Appellant,
v.
Esther R. LERNER, Defendant and Respondent.
No. A091884.
Court of Appeal, First District, Division Five.
June 26, 2001.
Review Granted October 17, 2001.
*547 Allen J. Kent, Aguilar & Sebastinelli, for plaintiff and appellant.
Howard R. Melamed, for defendant and respondent.
Certified for Partial Publication[*]
JONES, P.J.
Plaintiff/appellant Raul V. Aguilar appeals a judgment confirming an arbitration award in favor of defendant/respondent Esther R. Lerner. He contends the arbitration clause in their professional legal services contract was statutorily unenforceable; the arbitration was beyond the scope of the contract's arbitration clause; and the award of attorney fees and costs to respondent was improper.

BACKGROUND
On November 30, 1994, appellant and respondent, an attorney, entered into a written fee agreement whereby she would represent him in an action for dissolution of marriage. Paragraph seven of the agreement (hereafter arbitration clause) states:
"In the event that there is any disagreement between the CLIENT and ATTORNEY concerning fees, this Agreement or any other claim relating to CLIENT's legal matter, CLIENT hereby agrees to submit such dispute to binding arbitration under the rules of the San Francisco Bar Association and the Code of Civil Procedure of the State of California. The prevailing party shall be entitled to reasonable attorney's fees and costs incurred in enforcing any arbitration award or engaging in any court proceedings."
In executing the agreement appellant specifically initialed the arbitration clause.
Appellant discharged respondent on April 2, 1996, and on March 17, 1997, brought an action against her for professional negligence. He alleged that her various breaches of duty caused him unnecessary litigation expenses, attorney fees, and support obligations, loss of income, and emotional distress.
Respondent then requested that appellant agree to arbitrate his malpractice action, pursuant to the arbitration clause. She also informed him that she wanted to arbitrate her claim for unpaid attorney fees. When he declined, she petitioned to compel arbitration of both appellant's malpractice claim and her claim for unpaid attorney fees.
In opposition to respondent's petition, appellant declared: Before retaining respondent, he was represented by other counsel in his dissolution action. The "legal malpractice" of his former counsel resulted in potential tax and other liability. Through mediation and arbitration he recovered $90,000 from them. While interviewing respondent as his potential new counsel, he described to her the pain, expense and frustration caused by his previous attorney, and his wish to avoid any further delay or problems in his action. At the end of the interview, respondent *548 produced a retainer agreement and requested him to execute it. Although appellant is also an attorney, he practices in the corporate field of insurance regulations and has no experience in family law. He did not read the retainer agreement before executing and initialing it. He and respondent did not negotiate the agreement, which he believed to be a standard form agreement used by family law specialists to secure payment of fees and costs. Respondent did not explain, and he had no idea, that the agreement contemplated arbitration of malpractice claims and waiver of his right to jury trial. Had he suspected that the agreement required arbitration of all disputes, he would not have entered into it. Respondent did not provide him the form Notice of Client's Right to Arbitrate, required by Business and Professions Code section 6201, subdivision (a). Had she done so, he would not have consented to arbitration. He was at all times aware that legal malpractice claims could not be the subject of arbitration under statutorily-required local bar association attorney fee arbitration programs. He was also aware that the San Francisco Bar Association Rules of Procedure for the arbitration of fee disputes precluded arbitration of claims of malpractice and unprofessional conduct.
In response to appellant's opposition and in support of her petition, respondent declared: Appellant was referred to her by his associate. She agreed to his request to meet on short notice. They met on the morning of November 24, 1994. When appellant expressed his wish to retain her during their interview, she gave him her retainer agreement and asked him to review it carefully before signing, as is her custom and practice with potential clients. It is also her practice to encourage potential clients to take the retainer with them before signing so they may review it carefully on their own. Appellant did not sign the agreement in her presence but took it with him. He returned the executed agreement to her by FAX and first class mail on November 30. His letter contained the required $5,000 retainer check. He never objected to the arbitration clause while she represented him.
The court granted respondent's petition to compel arbitration of appellant's legal malpractice complaint and her unpaid fees pursuant to the arbitration clause. It specified the arbitration was to be binding.
Following a three-day arbitration, the solo arbitrator denied any relief to appellant and awarded respondent $32,709.64 on her claim of unpaid fees under the retainer agreement. Finding respondent to be the prevailing party, he awarded her attorney fees and costs of $30,652.75 incurred by arbitration.
Appellant petitioned to vacate the arbitration award and set the matter for trial on the grounds the arbitrator exceeded his powers by conducting a binding attorney-client fee arbitration that violated the mandatory fee arbitration statutes (Bus. & Prof.Code, § 6200 et seq., hereafter the MFA) and awarding her costs incurred in a judicial proceeding.
Respondent simultaneously opposed appellant's petition to vacate the award and moved for confirmation of the award. The court denied appellant's petition. It entered judgment confirming the arbitration award and awarding respondent's request for prejudgment interest on the award and attorney fees to confirm the arbitration award, for a total judgment of $70,986.29.

DISCUSSION
Appellant's primary contention is that the arbitration award must be vacated because the arbitration clause of the retainer *549 agreement violates the MFA and was therefore unenforceable.

I. Standard of Review

Because of the strong public policy favoring arbitration as a speedy and relatively inexpensive method of dispute resolution, judicial review of arbitration awards is restricted to the grounds for vacation or correction enumerated in Code of Civil Procedure sections 1286.2 and 1286.6. (Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1, 11, 27-28, 10 Cal. Rptr.2d 183, 832 P.2d 899 (Moncharsh).) An enumerated ground for vacation occurs when a court determines that the "arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2, subd. (d).)
Moncharsh recognized that "there may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects ... a portion of the underlying contract. Such cases would include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights." (Moncharsh, supra, 3 Cal.4th at p. 32, 10 Cal.Rptr.2d 183, 832 P.2d 899.) As Board of Education v. Round Valley Teachers Assn. (1996) 13 Cal.4th 269, 52 Cal.Rptr.2d 115, 914 P.2d 193 (Round Valley) explained, were an arbitrator to grant relief pursuant to a contract that violates the losing party's specific statutory rights, he would exceed his powers, as that phrase is used in Code of Civil Procedure, section 1286.2, subdivision (d). (Round Valley, supra, at p. 276, 52 Cal.Rptr.2d 115, 914 P.2d 193.) Moncharsh cautioned, however, that courts should not invalidate an arbitrator's award on the ground of inconsistency with the protection of a party's statutory rights unless the pertinent statute contains "an explicit legislative expression of public policy" that a specific issue is not to be subject to arbitration. (Moncharsh, supra, 3 Cal.4th at p. 32, 10 Cal. Rptr.2d 183, 832 P.2d 899; see also Round Valley, supra, 13 Cal.4th at p. 277, 52 Cal.Rptr.2d 115, 914 P.2d 193.)
Because appellant contends, in essence, that the arbitration clause's requirement of binding arbitration of fee disputes is inconsistent with his statutory rights under the MFA, and therefore the arbitrator exceeded his powers in granting respondent relief under that clause, judicial review of the arbitrator's decision here is appropriate. (Round Valley, supra, 13 Cal.4th at p. 277, 52 Cal.Rptr.2d 115, 914 P.2d 193.)

II. Appealability

Before addressing the merits of the appeal we address respondent's contention that appellant waived his right to challenge the validity of the arbitration clause by participating in the arbitration. Moncharsh held that "unless a party is claiming (i) the entire contract is illegal, or (ii) the arbitration agreement itself is illegal, he or she need not raise the illegality question prior to participating in the arbitration process, so long as the issue is raised before the arbitrator. Failure to raise the claim before the arbitrator, however, waives the claim for any future judicial review." (Moncharsh, supra, 3 Cal.4th at p. 31, 10 Cal.Rptr.2d 183, 832 P.2d 899, italics added.)
Two subsequent opinions have considered whether a party may challenge an arbitration award on the grounds that the contract's arbitration clause was invalid, even though the aggrieved party did not seek a judicial determination of the clause's validity prior to arbitration. In Bayscene Resident Negotiators v. Bayscene *550 Mobilehome Park (1993) 15 Cal. App.4th 119, 18 Cal.Rptr.2d 626 (Bayscene) and Alternative Systems, Inc. v. Carey (1998) 67 Cal.App.4th 1034, 1040, 79 Cal.Rptr.2d 567 (Alternative Systems), none of the parties to the contract sought a judicial determination of the validity of the contracts' arbitration clauses before participating in the arbitration and before the issuance of the arbitrator's award. The prevailing parties took the position that the unsuccessful parties had thereby waived their right to question the clause in postarbitration judicial proceedings to confirm/vacate the award.
"Normally, we would agree with [the prevailing party] that a party who questions the validity of the arbitration agreement may not proceed with arbitration and preserve the issue for later consideration by the court after being unsuccessful in the arbitration." (Bayscene, supra, 15 Cal.App.4th at p. 129, 18 Cal.Rptr.2d 626; accord Alternative Systems, supra, 67 Cal. App.4th at p. 1040, 79 Cal.Rptr.2d 567.) Both opinions concluded, however, that the parties challenging the award did not voluntarily participate in the arbitration and therefore had not waived the right to challenge the validity of the arbitration clause. In Bayscene, the unsuccessful party was faced with a county ordinance requiring participation in binding arbitration and threats of criminal prosecution for refusing to do so. (Bayscene, supra, at p. 129, 18 Cal.Rptr.2d 626.) In Alternative Systems, the unsuccessful party repeatedly objected to arbitration, sought a stay thereof, and did not participate in the arbitration except to object. (Alternative Systems, supra, at p. 1041, 79 Cal.Rptr.2d 567.)
In light of the italicized language of the Moncharsh holding, we question the implication in these two opinions that it is theoretically possible to waive a challenge to an arbitration award on the grounds of illegality of the arbitration clause. In any case, arbitration here took place only after appellant was ordered to arbitration, on respondent's petition, over appellant's vigorous objection that under the MFA he could not be compelled to participate in binding arbitration of fee disputes or of nonarbitrable malpractice claims. Appellant further resisted arbitration by a motion to clarify that the ordered arbitration could only be nonbinding. The arbitrator's award also reflects that appellant made continuing objections that fee disputes were governed by the MFA. Under these facts, appellant cannot be deemed to have waived his right to challenge the validity of the arbitration clause by participating in the arbitration.

III. Arbitrator's Award Does Not Conflict with the MFA

The MFA establishes a procedure whereby local bar associations can adopt and sponsor systems for arbitrating fee disputes, subject to review by the Board of Governors of the State Bar. (Bus. & Prof. Code, § 6200, subd. (d).[1]) At all times relevant to this appeal, the San Francisco Bar Association, to which the parties' arbitration clause refers, had in place a procedure for arbitration of fee disputes pursuant to the MFA.
In November 1994, when the parties entered into their fee agreement, arbitration of disputes concerning fees and/or costs under the MFA scheme was voluntary for a client and mandatory for an attorney if commenced by the client. (§ 6200, subd. (c).)
Effective January 1, 1997, after execution of the parties' fee agreement but before appellant brought his action, the MFA was amended so that the voluntary aspect does not now apply if the client has agreed in writing to arbitration under the MFA of *551 all disputes concerning fees and costs. (§ 6200, subd. (c), as amended by Stats. 1996, ch. 1104, § 12.) The MFA was also amended so that even when the parties agree in writing to arbitrate fee disputes under the MFA, either party is entitled to a trial de novo after arbitration unless the parties agree in writing to be bound by the arbitrator's award "at any time after the dispute over fees, [and/or] costs has arisen." (§ 6204, subd. (a), as amended by Stats.1996, ch. 1104, § 16.)
Under the language of MFA in 1994 when the parties executed their attorney/client fee agreement, as well as under its amended language, their arbitration clause seemingly conflicts with two protections afforded appellant as a client by the MFA. It requires him to submit fee disputes to arbitration, when the then-applicable statute made arbitration voluntary for the client. It also requires him to be bound by arbitration of as-yet unknown fee disputes, when a client cannot be so bound unless the client agrees to binding arbitration after the dispute arises.
Appellant asserts that these terms in the arbitration clause are illegal and in violation of the MFA's public policy. He reasons that as a consequence he should not have been compelled to arbitrate the fee dispute. Therefore, he reasons, the arbitrator exceeded his powers in issuing an award because the award violated appellant's rights under the MFA. Mindful of the facts of this case, we conclude otherwise. The arbitrator's decision cannot be deemed inconsistent with the protection of appellant's MFA rights because appellant never sought the protection of those rights. He effectively disclaimed those protections when he commenced a judicial action for affirmative relief against respondent.
There is no dispute that the MFA is designed to protect the rights of clients as consumers of legal services. It was proposed by the State Bar following the report of a special committee on resolution of fee disputes that found, inter alia, "(1) [T]here is a disparity in bargaining power in attorney fee matters which favors the attorney in dealings with infrequent consumers of legal services; (2) there is no effective civil remedy available to a client in many instances because of the prohibitive cost of hiring a second attorney; (3) a Bar sponsored procedure of arbitration would restore public confidence in the legal profession." (Hargarten, Fine Tuning California's Mandatory Attorney Fee Arbitration Statute (1982) 16 U.S.F. L.Rev. 411, 415 (Hargarten); see also Manatt, Phelps, Rothenberg & Tunney v. Lawrence (1984) 151 Cal.App.3d 1165, 1174-1175, 199 Cal.Rptr. 246.) It was thus enacted with the intent "to provide an effective, expeditious, simple, low cost forum in which an attorney and a client may resolve a dispute over legal fees." (Hargarten, supra, at p. 411, fn. omitted.)
Although arbitration under the MFA process is mandatory for an attorney if commenced by a client, it has always been intended as wholly voluntary for the client. (§ 6200, subd. (c), italics added.) The MFA only requires clients to submit fee disputes to the MFA process if they have agreed in writing to do so, and it nowhere contains "an explicit legislative expression of public policy" (See Moncharsh, supra, 3 Cal.4th at p. 32, 10 Cal.Rptr.2d 183, 832 P.2d 899) that it is the exclusive mechanism for resolution of fee disputes. Granting finality to the arbitrator's award is indeed consistent with the Legislature's strong support for private arbitration, as articulated in title 9 of the Code of Civil Procedure. (§ 1280 et seq.; Moncharsh, supra, at p. 32, 10 Cal.Rptr.2d 183, 832 P.2d 899.) We conclude that the challenged clause providing for binding arbitration is not violative of "an explicit legislative expression of public policy" and will not be invalidated on that ground.
*552 Additionally, the legislative history of the MFA reflects that the MFA system was never intended to apply to malpractice actions brought by a client against an attorney. (See State Bar of California, News Release, Dec. 16, 1977; Assem. Com. on Judiciary, Digest of Sen. Bill No. 1351 (1977-1978 Reg. Sess.) June 8, 1978, p. 1; Sen. Ways & Means Com, Analysis of Sen. Bill No. 1351; Sen. Peter H. Behr, letter to Gov. Edmund G. Brown, Jr., re Sen. Bill No. 1351, Sept. 7, 1978.) Indeed, the "client would be deemed to have waived his right to arbitration if he files" an action based on malpractice. (Sen. Com. on Judiciary, Hist, of Sen. Bill No. 1351, as amended Feb. 13, 1978, italics in original; see also Hargarten, supra, 16 U.S.F. L.Rev. at p. 416.) Sections 6200, subdivision (b)(2) and 6201, subdivision (d) are manifestations of this legislative intent.[2] (See also Juodakis v. Wolfrum (1986) 177 Cal.App.3d 587, 223 Cal.Rptr. 95.)
By never availing himself of his statutory right to arbitration under the MFA scheme, and by filing a malpractice action, appellant expressly rejected the protections afforded by the MFA scheme. In light of this conduct, he cannot now say the arbitrator's decision conflicted with the protection of statutory rights he never sought.
Alternative Systems, supra, 67 Cal. App.4th 1034, 79 Cal.Rptr.2d 567, on which appellant relies, is inapposite. There, the arbitration clause in an attorney fee agreement provided that all disputes would be resolved by binding arbitration conducted by the American Arbitration Association (AAA). (Id. at p. 1038, 79 Cal.Rptr.2d 567.) When a fee dispute arose, the attorney demanded binding arbitration before the AAA, and the client demanded arbitration under the MFA, requesting it be "advisory" rather than "binding." (Ibid.) A local bar association issued an award following an MFA hearing. Both parties rejected its award, and the client filed an action for a trial de novo. (Ibid.) Before the trial occurred, the AAA conducted an arbitration and issued an award in favor of the attorney. The attorney's motion to confirm the award was granted. (Id. at p. 1039, 79 Cal.Rptr.2d 567.)
This court reversed. It concluded that giving finality to the AAA arbitrator's decision would violate the client's statutory rights under the MFA; that the client had not waived its right to trial de novo "under the MFA" scheme by signing the fee agreement containing the binding AAA arbitration clause; and that the MFA in effect when the client invoked its protection preempted the fee agreement arbitration clause. (Alternative Systems, supra, 67 Cal.App.4th at p. 1044, 79 Cal.Rptr.2d 567, italics in original.) Therefore, the arbitrator exceeded his powers by purporting to make a binding award under the preempted clause, and the client was entitled to a trial de novo. (Id. at p. 1044, 79 Cal.Rptr.2d 567.)
*553 Implicit in Alternative Systems's holding is the conclusion that the MFA was deemed to have preempted the fee agreement's binding arbitration clause not simply because, in the abstract, the MFA provides certain protections to clients generally, but because, from the outset of the fee dispute, this client asserted and invoked its rights under the MFA. The client was entitled to a trial de novo because it had first initiated arbitration under the MFA scheme and the MFA arbitrators had issued an award, which are the prerequisites to a client's right thereafter to a trial de novo. (§ 6204.)
By contrast, appellant never asserted his rights to arbitration under the MFA. In fact, his consistent position below was that he should not be compelled to arbitrate because the arbitration clause did not cover malpractice claims; any issue concerning fee disputes should be tried as part of his malpractice action because it "would be a gross waste of time, resources and money" to litigate the fee dispute first "in state bar arbitration and second in court"; and that even if respondent had notified him of his right to arbitration under the MFA[3], "I would not have commenced arbitration nor would I have consented to arbitration." (Italics added.) Appellant's position on appeal that the arbitrator's award denied him the protection of his MFA rights is incompatible with his position below that arbitration under the MFA system was both inappropriate and, for him, unwanted. Given these contrasting positions, he is now estopped from urging that the arbitration award exceeded the arbitrator's powers because it conflicted the protection of the MFA. (See Jackson v. County of Los Angeles (1997) 60 Cal.App.4th 171, 181-184 & fn. 8, 70 Cal. Rptr.2d 96; Alexander v. Hammarberg (1951) 103 Cal.App.2d 872, 879, 230 P.2d 399.)[4]

IV.-V[**]

DISPOSITION
The judgment confirming the arbitration award is affirmed.
STEVENS and SIMONS, JJ., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IV and V.
[1] All further section references are to the Business and Professions Code.
[2] Section 6200, subdivision (b)(2) states that the MFA does not apply to "Claims for affirmative relief against the attorney for damages or otherwise based upon alleged malpractice or professional misconduct ..."

Section 6201, subdivisions (d)(1) and (2) state that a client's right to request or maintain arbitration under the MFA is waived by commencing an action or filing any pleading seeking either a judicial resolution of a fee dispute to which the MFA applies or affirmative relief against an attorney for damages based on alleged malpractice.
Rule 8.2 of the Rules of Procedure for Fee Arbitrations and the Enforcement of Awards by the State Bar of California, adopted January 26, 1991 and effective May 1, 1994, similarly provides that a client's right to request or maintain arbitration of fee disputes is waived if he or she commences an action seeking affirmative relief against an attorney for damages based on alleged malpractice.
[3] This is a reference to section 6201, subdivision (a) which requires an attorney who, when bringing an action against a client or commencing any other proceeding against a client pursuant to an agreement that provides an alternative to arbitration under the MFA, to given the client written notice of the client's right to arbitration under the MFA.
[4] Although the parties did not precisely address appellant's varying positions in the context of an estoppel, their briefs address it indirectly when discussing whether appellant's filing his malpractice action constituted a waiver of the protections of the MFA. Given the close relationship between the doctrines of waiver and estoppel, the latter issue was sufficiently raised without requiring further briefing. (See Gov.Code, § 68081.)
[**] See footnote *, ante.