[No. B087622. Second Dist., Div. Five. Oct. 31, 1995.]

RICHARDS, WATSON & GERSHON, Plaintiff and Appellant, v. MARCIA A. KING, Defendant and Respondent.

COUNSEL

Glenn R. Watson for Plaintiff and Appellant.

Hill, Wynne, Troop & Meisinger and Neil R. O'Hanlon for Defendant and Respondent.

OPINION

**GODOY PEREZ, J.**—In this appeal we decide whether dismissal is mandatory or discretionary under Business and Professions Code section 6201, subdivision (a), for a lawsuit filed by an attorney against a client to recover fees if the attorney fails to give notice of the client's right to arbitration. The trial court concluded dismissal was mandatory. Because we conclude that dismissal is discretionary, we reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant Richards, Watson & Gershon, a Los Angeles law firm (hereafter appellant), represented Sidney King before his death in February 1993. When he died, Mr. King owed appellant more than $70,000 for legal services.

In February 1994, appellant filed a complaint against Mr. King's widow, respondent Marcia A. King (hereafter respondent), for payment of the debt

from her community property. Instead of immediately serving its complaint, however, appellant wrote a letter to respondent asking to meet to discuss payment. In its letter, appellant suggested respondent "may wish to consult legal counsel" in advance of any such meeting.

Two days later, respondent's daughter, who was an attorney, called appellant on respondent's behalf. She asked for a copy of the summons and complaint plus other documents, all of which were delivered to her.[1] Not included among these documents, however, was a notice of arbitration as required under Business and Professions Code section 6201, subdivision (a) which provides in pertinent part: "The rules adopted by the board of governors [of the State Bar] shall provide that an attorney shall forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client for recovery of fees, costs, or both . . . . The written notice shall . . . include a statement of the client's right to arbitration under this article. Failure to give this notice *shall be a ground for the dismissal* of the action." (Italics added.)[2]

In May 1994, respondent moved to dismiss the complaint for failure to comply with section 6201, but took its motion off calendar when appellant filed its first amended complaint accompanied by a notice of respondent's right to arbitration.

In June 1994, respondent moved to dismiss appellant's first amended complaint on the ground that the belated notice of the right to arbitration was ineffective in remedying appellant's original failure to comply with section 6201. At the hearing on the motion, the court focused on the question whether dismissal was discretionary or mandatory, noting that it "[s]eems to me the question is whether [dismissal is] mandatory. After hearing the parties' arguments, the court dismissed the case after concluding it was mandatory.

This appeal followed.[3]

## DISCUSSION

 Appellant contends the trial court misinterpreted section 6201 by finding that it required dismissal for failing to provide notice of the right to

---

[1]Among the documents delivered was an acknowledgment of receipt of summons and complaint, which respondent later signed and returned. Thus, there is no reasonable question that the complaint and summons were served.

[2]All further statutory references are to the Business and Professions Code unless indicated otherwise.

[3]Appellant filed a motion to set aside the dismissal under Code of Civil Procedure section 473, which was denied, and that denial is part of this appeal. As our discussion below will make apparent, however, we need not reach the section 473 issue.

arbitration. As this involves a question of statutory interpretation, we independently review the judgment below. (*Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 917 [80 Cal.Rptr. 89, 458 P.2d 33]; *Los Angeles County Safety Police Assn.* v. *County of Los Angeles* (1987) 192 Cal.App.3d 1378, 1384 [237 Cal.Rptr. 920].)

In 1978, the Legislature authorized the California State Bar to provide for arbitration of fee disputes between attorneys and clients. (§ 6200 et seq.) In order to ensure clients were informed of this right, the Legislature enacted section 6201, which required attorneys to provide written notice of the right to arbitration when they sued clients. Originally, section 6201 provided that failure to give notice was not grounds for dismissal of the attorney's action. (See Stats. 1978, ch. 719, § 1, p. 2250.) Section 6201 was amended in 1982, however, to provide that failure to give notice "shall be a ground for the dismissal of the action." (Stats. 1982, ch. 979, § 1, pp. 3557-3558.) Emphasizing the word "shall," respondent argues dismissal was mandatory. After considering section 6201 as a whole and analyzing its purpose, we conclude, however, that appellant's argument that dismissal is discretionary is instead the correct interpretation.

In reaching this conclusion, we place particular emphasis on subdivision (b) of section 6201. This subdivision provides that a client waives its right to arbitrate if it files an answer before filing a request for arbitration. Waiver does not apply, however, if "notice of the client's right to arbitration was [not] given pursuant to subdivision (a)."[4] Clearly, this exception to finding waiver contemplates there will be circumstances where notice of the right to arbitration was not served which nonetheless will not result in a lawsuit's automatic dismissal.

Furthermore, if the Legislature had intended mandatory dismissal, it would have said so, and, in fact, a 1990 amendment (since repealed) to section 6201 explicitly referred to mandatory dismissal. That amendment provided that an attorney could not file a small claims action after the client requested arbitration. If the attorney did, the amendment stated "[a]ny such action shall be dismissed . . . ." (Stats. 1990, ch. 483, § 6 at p. 2689, repealed Stats. 1993, ch. 1262, § 2.) This unequivocal language contrasts with the language before us where "shall" lies next to, and modifies, the word "grounds," not the word "dismissal," suggesting the Legislature meant to identify what constituted proper grounds for possible dismissal if the trial court were so inclined, not that dismissal was automatic.

---

[4]The subdivision states in full: "The request for arbitration shall be served and filed prior to the filing of an answer in the action; failure to so request arbitration prior to the filing of an answer shall be deemed a waiver of the client's right to arbitration under the provisions of this article *if notice of the client's right to arbitration was given pursuant to subdivision (a).*" (§ 6201, subd. (b), italics added.)

Finally, the policy behind section 6201 does not require mandatory dismissal. As was explained in *Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence* (1984) 151 Cal.App.3d 1165 [199 Cal.Rptr. 246], at page 1174, "[t]he policy behind the mandatory fee arbitration statutes . . . is to alleviate the disparity in bargaining power in attorney fee matters . . . ." Mandatory dismissal presupposes that in every fee dispute, no matter who the parties are and no matter what the circumstances may be, the attorney will always have the upper hand. We find this presumption unwarranted. On occasion, the lawyer will not have superior bargaining power and a sophisticated client will know of its right to arbitration whether or not it received notice. Under those circumstances, mandatory dismissal would not further the policy behind section 6201 and could, in fact, work an injustice. Making dismissal discretionary, however, avoids such problems by giving the trial court the opportunity to consider all the relevant facts before deciding whether to dismiss.

In response, respondent argues that there was "a complete reversal of the prior rule" when subdivision (a) of section 6201 was amended in 1982 to provide that "[f]ailure to give such notice shall be a ground for the dismissal of the action." While we do not dispute that deleting the word "not" from the pre-1982 statute did represent a reversal, nothing suggests the Legislature envisioned mandatory dismissal being part of that reversal. First of all, the legislative history is completely silent as to whether dismissal is mandatory or discretionary. Furthermore, the only published case which discusses section 6201's notice requirement is *Aheroni* v. *Maxwell* (1988) 205 Cal.App.3d 284 [252 Cal.Rptr. 369], which stands for the proposition that a motion to dismiss is the proper vehicle for a client to put at issue his former attorney's failure to give notice. *Aheroni* is inapposite, however, because there is no dispute here that a motion to dismiss was the proper vehicle for respondent to use. The issue is whether the trial court had any discretion to deny the motion.

We thus hold that dismissal for failure to comply with the notice provision of section 6201, subdivision (a) is discretionary, and because it is discretionary, the trial court was obligated to exercise its discretion in considering respondent's motion to dismiss. Yet, the trial court did not consider any factors that may have weighed against dismissal. As the court noted: "I think the Legislature has made [dismissal] mandatory. I don't think there are exceptions, and I don't think I have that discretion [not to dismiss]." The trial court's failure to exercise its discretion was itself an abuse of discretion. (*Dubois* v. *Corroon & Black Corp.* (1993) 12 Cal.App.4th 1689, 1696 [16 Cal.Rptr.2d 719]; *Gardner* v. *Superior Court* (1986) 182 Cal.App.3d 335 [227 Cal.Rptr. 78].) Accordingly, we reverse.

In reversing, we decline appellant's invitation to order the trial court to deny respondent's motion to dismiss. Appellant cites no authority justifying such a usurpation of the trial court's discretion, and we see no basis for doing so.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. (*Gardner* v. *Superior Court*, *supra*, 182 Cal.App.3d at p. 341 [remand to allow trial court to exercise discretion is proper after reversal for failing to exercise discretion].) Each side to bear its own costs on appeal.

Turner, P. J., and Grignon, J., concurred.