[No. B120650. Second Dist., Div. Five. Nov. 18, 1998.]

DONALD WAGER, Plaintiff and Appellant, v.
SAMUEL MIRZAYANCE et al., Defendants and Respondents.

COUNSEL

Andrew L. Ellis and Timothy J. Kolesnikow for Plaintiff and Appellant.

Lund Law Corporation, Eric James Lund and Theodore V. Kreps for Defendants and Respondents.

OPINION

**ARMSTRONG, J.**—Defendant Samuel Mirzayance (defendant) retained plaintiff Donald Wager (plaintiff) to defend his son, Alexandre Mirzayance, against a charge of first degree murder. Plaintiff filed suit against defendant

and his wife, Amalia Mirzayance, to recover attorney fees, expert witness fees, and costs incurred in Alexandre's defense. Defendant sought to dismiss the suit since he was not given notice of his right to arbitrate the fee dispute as provided by Business and Professions Code section 6201, subdivision (a)[1] (hereafter section 6201(a)). Plaintiff opposed the motion, arguing that defendant was not his client, and thus was not entitled to notice of the right to arbitration. The trial court determined that plaintiff's lawsuit was "an action against the client" within the meaning of section 6201(a), and thus that plaintiff was required to provide defendant with notice of his right to arbitrate the fee dispute. Accordingly, the trial court dismissed the complaint. Plaintiff challenges that ruling on appeal. We affirm the trial court.

FACTS

In January 1996, plaintiff was retained to assist in Alexandre's defense pursuant to a written retainer agreement signed by plaintiff, Alexandre, and Alexandre's parents. This written agreement contemplated that plaintiff would undertake a limited role in Alexandre's defense. The original retainer agreement designated defendant and his wife as "guarantors" of Alexandre's payment obligations thereunder.

Sometime later, the parties orally amended the written retainer agreement in response to plaintiff's assumption of an increased role in the defense of the criminal charges. This amended agreement reflected the increased fees and expenses which would necessarily be incurred on behalf of Alexandre. Additionally, according to plaintiff, it changed defendant's liability from that of a guarantor to the person primarily liable for the fees and costs incurred in Alexandre's defense.

Defendant abided by the terms of the amended retainer agreement for over a year. In May 1997, shortly before Alexandre's murder trial was to commence, defendant ceased paying plaintiff's invoices in breach of his obligations under the amended retainer agreement. Plaintiff filed this lawsuit against defendant and his wife, giving no notice, either to them or to Alexandre, of a client's right to arbitrate a fee dispute as set forth in section 6201(a). As noted above, the trial court determined that plaintiff was required to give defendant notice of his right to arbitrate, and dismissed the action due to his failure to comply with section 6201(a).

---

[1]Section 6201(a) provides in pertinent part: "The rules adopted by the board of governors [of the State Bar] shall provide that an attorney shall forward a written notice to the client prior to or at the time of service of summons or claim in an action against the client . . . for recovery of fees, costs, or both. The written notice shall be in the form that the board of governors prescribes, and shall include a statement of the client's right to arbitration under this article. Failure to give this notice shall be a ground for the dismissal of the action . . . ."

## Discussion

■ Plaintiff challenges the trial court's ruling that section 6201(a) applies to this case, since plaintiff represented Alexandre, rather than his father, defendant herein, in the criminal trial. The contention is unavailing.

As the trial court stated at the hearing on the motion to dismiss: "[T]his is a very well drafted contract. But it's very clear it isn't—the role of the defendant here is not just that of guarantor, even though he's described as a guarantor. [¶] From the outset it appears to me that you look to this client to pay the bills for his son's defense and it seems to me that his interest was to defend his son in a murder case and that you have to comply with Business and Professions Code." The trial court's ruling fully comports with the policy behind section 6201(a).

■ "The policy behind the mandatory fee arbitration statutes . . . is to alleviate the disparity in bargaining power in attorney fee matters which favors the attorney by providing an effective, inexpensive remedy to a client which does not necessitate the hiring of a second attorney. (Hargarten, *Fine Tuning California's Mandatory Attorney Fee Arbitration Statute* (1982) 16 U.S.F. L.Rev. 411, 415.)" (*Manatt, Phelps, Rothenberg & Tunney* v. *Lawrence* (1984) 151 Cal.App.3d 1165, 1174 [199 Cal.Rptr. 246].) It is the debtor/creditor relationship which the client has to the attorney, not the relationship of consumer/provider of legal services, with which the mandatory attorney fee arbitration statute is concerned. Usually, the "client" is both the consumer of the attorney's services and the person to whom the attorney looks for payment of the debt. ■ As this case demonstrates, however, this is not always the situation. When the attorney is retained by one person to provide legal services to another, the one who has agreed to pay the lawyer's bills is the one entitled to arbitrate any fee dispute. Thus, the crucial question in determining who is entitled to arbitrate an attorney fee dispute, and thus to whom the attorney must give notice under 6201(a), is not simply "who directly benefits from the attorney's provision of legal services," but "who is the attorney's debtor on account of the services provided?"

Here, as plaintiff acknowledges, defendant agreed to pay plaintiff's fees and expenses, which were incurred in the defense of Alexandre. Consequently, we concur with the trial court that defendant was entitled to arbitrate the fee dispute, and that plaintiff was therefore required to provide defendant with notice of his arbitration rights.

Plaintiff argues that, even if defendant were his client for purposes of section 6201(a), the complaint should not have been dismissed, for two

reasons. First, plaintiff argues, defendant was a "sophisticated client" represented by his own counsel in all of his dealings with plaintiff. Consequently, in this case, dismissal of the complaint did not advance the policy behind section 6201(a). However, plaintiff did not present this argument, or any facts which would support it, to the trial court below. We fail to see how this court could properly reverse a judgment based on the client's sophistication when the trial court was not asked to consider the client's sophistication.

Additionally, plaintiff contends that the trial court erroneously concluded that the failure to comply with the notice provisions of section 6201(a) mandated dismissal of the complaint, when in fact dismissal is within the sound discretion of the trial court. (*Richards, Watson & Gershon* v. *King* (1995) 39 Cal.App.4th 1176, 1180 [46 Cal.Rptr.2d 169].) Again, this issue was not raised below, and there is no basis in the record to conclude that the trial court misunderstood its discretion in ruling on the motion to dismiss. Thus, while the court did state that "I'm going to grant the Motion to Dismiss as *required* by that code section [italics added]," both defendant's motion to dismiss and his reply, which the court read during the hearing and immediately before making the foregoing statement, urged the court "to exercise its discretion and issue its Order dismissing this action without prejudice." Moreover, as stated above, plaintiff offered no rationale to the court below which would justify denial of the motion in this case, such as was suggested by this court in *Richards, Watson & Gershon* v. *King, supra,* 39 Cal.App.4th at page 1180 (dismissal for failure to give notice of arbitration rights would not vindicate policy behind section 6201(a) if, for example, sophisticated client knows of right to arbitrate in absence of notice). Rather, plaintiff's sole argument below was that defendant herein was not his client and thus was not entitled to notice under section 6201(a).

## DISPOSITION

The judgment is affirmed.

Grignon, Acting P. J., and Godoy Perez, J., concurred.