Filed 8/25/14  Minkoff v. County of Los Angeles CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| C. MICHAEL MINKOFF, JR. et al., | B250218 |
| Plaintiffs and Respondents, | (Los Angeles County |
| v. | Super. Ct. No. BC447292) |
| COUNTY OF LOS ANGELES et al., | |
| Defendants and Appellants. | |

 

APPEAL from a judgment of the Superior Court of Los Angeles County, Mary Ann Murphy, Judge.  Reversed and remanded with directions.

Law Offices of David J. Weiss, David J. Weiss, Danielle F. Drossel; Pollak, Vida & Fisher, Daniel P. Barer and Anna L. Birenbaum for Defendants and Appellants.

Law Offices of Robert L. Howell and Robert L. Howell for Plaintiffs and Respondents.

———————————————

**INTRODUCTION**

The County of Los Angeles and several employees or agents of the Department of Children and Family Services (collectively the County) appeal the trial court's order vacating a dismissal of an action filed by Georgia residents C. Michael Minkoff, Jr., his wife Vanessa Minkoff, their minor children (collectively the Minkoffs), and C. Michael Minkoff's parents, Michael Minkoff, Sr., and Deborah Minkoff. The trial court had ordered the Minkoffs to post an undertaking pursuant to Code of Civil Procedure section 1030.[1] After the Minkoffs failed to post the undertaking within the 30 days required by the statute, the trial court granted the County's motion to dismiss. Six months later, the trial court granted the Minkoffs' motion to vacate the dismissal under the mandatory provision of section 473, subdivision (b). We reverse the trial court's order, concluding that the mandatory provision of section 473, subdivision (b), does not apply to the trial court's order dismissing this action for failure to post an undertaking pursuant to section 1030, and remand the case for the trial court to determine whether the Minkoffs are entitled to relief under the discretionary provision of section 473, subdivision (b).

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *The Action*

The Minkoffs, who reside in Sugar Hill, Georgia, alleged in their first amended complaint that when they came to visit Vanessa's mother in Van Nuys in July 2009, Vanessa, who was pregnant, and Michael agreed that an "appropriate punishment" for their one and one-half-year-old daughter's refusal to eat her eggs for breakfast was a

---

[1]    Statutory references are to the Code of Civil Procedure.

2

"spanking with a bamboo spoon."[2]  The Minkoffs "arrived at this decision based on their faith (members of the Presbyterian Church) and reading of child rearing literature, which recommended spankings with inanimate objects so that the child does not associate a parent[']s hand with the spanking."  Michael "administered the spanking."  Michael and Vanessa "were surprised by the appearance of a bruise" on their daughter the next day.

Vanessa's mother apparently was surprised, too, and concerned.  After the Minkoff family had left for the airport to return to Georgia, she called the police because "she felt being a school teacher that she was a mandated reporter."  Officers from the Los Angeles Police Department arrived, called Michael en route to the airport and told him not to leave, and then met the family at a bus depot.  The officers arranged to transport the children to the hospital and called the Department of Children and Family Services (DCFS).  DCFS detained the children and placed them in the home of Vanessa's mother.

Thus began the Minkoffs' four-month odyssey in California's dependency court system.  There were extensive proceedings in the dependency court from July to November 2009, most of which are not relevant to this appeal.[3]  The juvenile court ultimately dismissed the petition without prejudice on November 2, 2009, and the Minkoffs returned to Georgia with their children.

The Minkoffs filed this action in October 2010 against the County of Los Angeles and nine employees or agents of DCFS.  The Minkoffs asserted causes of action for

---

**2**     Because the parties "share the same last name, we refer to them by their first names for convenience and clarity" (*Jones v. ConocoPhillips Co*. (2011) 198 Cal.App.4th 1187, 1191, fn. 1) and not out of disrespect (*Farmers New World Life Ins. Co. v. Rees* (2013) 219 Cal.App.4th 307, 310, fn. 1).

**3**     The Minkoffs alleged that there was a detention hearing on July 30, 2009, a meeting with DCFS on August 3, 2009, an adjudication hearing on August 24, 2009, a pretrial resolution conference on September 30, 2009, and a further adjudication hearing on November 2, 2009.  The Minkoffs allege they were ordered to participate in parenting classes, receive counseling, and have monitored visits with their children, and that they had to retain counsel.  The Minkoffs also allege that DCFS contacted Child Protection Services in Gwinnet County, Georgia, where the Minkoffs live.

violation of their civil rights, "*Monell*[4] related claims," intentional and negligent infliction of emotional distress, and injunctive relief. The Minkoffs alleged that Michael lost his teaching job in Georgia because he had to remain in California for the dependency court proceedings, and that the extended stay in California away from Vanessa's physicians in Georgia had an adverse effect on her pregnancy.

> B.     *The Motion for an Undertaking*

The County filed a motion pursuant to section 1030 for an order requiring the Minkoffs, as out-of-state plaintiffs, to file an undertaking in the amount of $35,275 to secure an award of costs. Section 1030, subdivision (a), provides: "When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding." Section 1030, subdivision (b), requires the moving defendant to show that "the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding." The purpose of section 1030 "'is to enable a California resident sued by an out-of-state resident "'to secure costs in light of the difficulty of enforcing a judgment for costs against a person who is not within the court's jurisdiction.'" [Citation.] The statute therefore acts to prevent out-of-state residents from filing frivolous lawsuits against California residents.' [Citation.]" (*Alshafie v. Lallande* (2009) 171 Cal.App.4th 421, 428.)

---

**4**     "In *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658 [56 L.Ed.2d 611, 98 S.Ct. 2018], the Supreme Court held that [42 United States Code] '[s]ection 1983 does not assign liability to a local government under a respondeat superior theory, but the entity may be liable if the constitutional violation was caused by its official policy, practice, or custom.' [Citation.]" (*Arce v. Childrens Hospital Los Angeles* (2012) 211 Cal.App.4th 1455, 1465, fn. 3.)

The Minkoffs did not oppose the motion[5] and counsel for the Minkoffs did not appear at the hearing. The trial court granted the motion "for the reasons stated in the moving papers." The order required the Minkoffs "to file an undertaking to secure an award of costs in the amount of $35,275.00, which may be awarded to Defendants should they prevail in this action." Counsel for the County served the order by mail on May 29, 2012.

C.    *The Motion to Dismiss for Failure To File an Undertaking*

Section 1030, subdivision (d), provides that "[t]he plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action or special proceeding shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made." When the Minkoffs did not file the $35,275 undertaking within 30 days, the County filed a motion to dismiss.

The Minkoffs again did not file a timely opposition, but they did file an untimely one. The Minkoffs asked the trial court to "consider the time it took Plaintiff's counsel to find a company to handle the undertaking based on his own schedule (*Plaintiff[']s counsel is primarily a dependency attorney and as such is in court most days for appearances, contested hearings and trials*) and to then coordinate the communication between the bond company, counsel and the Plaintiffs, each with their own scheduling issues." The Minkoffs explained that they reside in Georgia and relied on their California attorney "to assist in obtaining the court ordered undertaking, which with Counsel's

---

[5]    Counsel for the Minkoffs apparently served counsel for the County with a response to the motion but did not file it with the court. The trial court's order granting the motion for an undertaking states that "plaintiff filed a Response on March 5, 2012 to this motion. The court never received a copy or the original filing of this document. The court is informed by counsel for defendant of the filing. The Response is untimely and will not be considered." The record on appeal does not contain a copy of this document.

availability took longer than anticipated." The Minkoffs advised the court that they now had obtained a $35,275 bond, and asked the court "to allow '. . . a greater time . . .' for them to have obtained the bond." The Minkoffs, however, did not submit any admissible evidence in support of these statements. Counsel for the Minkoffs appeared at the hearing on the motion and argued that he had made a mistake in not asking for more time to obtain the undertaking.

On September 17, 2012 the trial court granted the motion. The court ruled: "At the hearing on this motion, the court indicated its view that the provisions of [section] 1030[, subdivision] (d) are mandatory and the case must be dismissed, but took the matter under submission in order to do further research to determine if the court had discretion to extend the time to file. After doing so, the court finds that any request to file an undertaking 'within a greater time' must be made before the 30 days has expired. The section makes it clear that plaintiff 'shall' file the undertaking not later than 30 days after service of the court's order, or the proceedings 'shall' be dismissed, a mandatory directive to the court. Here, plaintiffs did not file until 76 days after the order requiring a bond, and then, only after this motion was filed. Further, the opposition papers were filed late. The court overlooks the late filing and considers plaintiff's [*sic*] papers, but finds that the mandatory filing deadline was not complied with. Even if the court had discretion, the opposing papers do not make a factual showing of good cause to extend the time."

On September 17, 2012 the trial court entered a minute order granting the motion, dismissing the case, and vacating the trial dates. The trial court subsequently signed and entered a formal written order on October 3, 2012. The Minkoffs did not appeal.[6]

---

[6]     "A judgment of dismissal following the plaintiff's failure to furnish required security is appealable as a final judgment." (*Yao v. Superior Court* (2002) 104 Cal.App.4th 327, 330, fn. 2.)

D.    *The Motion for Relief Under Section 473*

Instead, on April 2, 2013 the Minkoffs filed a motion for relief pursuant to section 473, subdivision (b). The Minkoffs repeated the arguments they made in opposition to the County's motion to dismiss, including that they reside in Georgia, relied on their California counsel to assist with the undertaking, had difficulty locating a bonding company, and needed extra time "to prepare and provide the bond company with the appropriate paperwork and assurances . . . ." The Minkoffs again argued that their attorney was "*primarily a dependency attorney*" who was often in court. In his supporting declaration, counsel for the Minkoffs stated that after spending time unsuccessfully attempting to obtain a bond from a company in Georgia, he was not able to secure the bond until August 13, 2012. Counsel for the Minkoffs stated: "At the hearing on the motion for dismissal, I, as attorney for the Plaintiff's [*sic*] acknowledge that it was my mistake that I did not file for a continuance to allow more time to obtain the bond. I further informed the court I was aware of the 30 day statutory time frame, but had read the law to understand the court could on [*sic*] its discretion relieve a party of that time limit. However, my mistake was that I needed to ask the court's permission and seek a continuance. It was my mistake, inadvertence and/or excusable neglect that I did not seek the continuance in a timely manner. [¶] I also informed the court that I had been pressed by an exceedingly heavy court schedule, since my primary practice is as a dependency attorney, and I spend most every day in that court system in hearings, contested hearings and adjudications. I also asked the court to consider the logistics of obtaining the undertaking with client's [*sic*] who reside in Georgia." Counsel asked the court to consider his "admission in court that [he] failed to file for a timely continuance to obtain an undertaking, and that I did so as a mistake, by my own inadvertence and that said mistake can be construed as excusable neglect." The Minkoffs' motion did not include a notice of motion and did not specify whether they were bringing the motion pursuant to the mandatory or discretionary provision of section 473, subdivision (b).

The County opposed the motion, arguing that the court, in granting the County's motion to dismiss, had considered and rejected the identical arguments (although without

7

any supporting evidence), that the Minkoffs had not acted diligently in bringing the motion,[7] and that the Minkoffs had not shown mistake, inadvertence, surprise or excusable neglect on their part or the part of their attorney. The County argued that the dismissal of the Minkoffs' action under section 1030 was not the kind of dismissal to which the mandatory provision of section 473, subdivision (b), applied and that the motion referred "only to discretionary relief" under section 473, subdivision (b), and was "not accompanied by an 'affidavit of fault.'"

The trial court (a different judge from the judge who had heard the motion to dismiss) granted the motion for relief under section 473. The court stated that "relief pursuant to [section] 473 is mandatory in this case because [counsel for the Minkoffs] submitted a proper 'affidavit of fault' in his moving papers," and therefore the court had "no choice but to grant the Minkoffs' motion." The court stated that, although the motion did not specifically refer to the mandatory provision of section 473, "the moving papers refer to relief under '[section] 473[, subdivision] (b),' which is a sufficient request for mandatory relief." The court also stated that "the minors should not be faulted for their attorney's actions." The trial court did not reach the issue of whether the Minkoffs were entitled to relief under the discretionary provision of section 473, subdivision (b). The County filed a timely notice of appeal.

---

[7] The trial court's order granting the County's motion to dismiss is dated October 3, 2012. The Minkoffs filed their motion to vacate the dismissal 181 days later on April 2, 2013. On appeal the County asserts that the Minkoffs "waited until the final day to file . . . the request for relief" under section 473, subdivision (b), but argues that the Minkoffs nevertheless did not file the motion "within a reasonable amount of time."

8

**DISCUSSION**

A.	*The Minkoffs Are Not Entitled to Mandatory Relief Under Section 473, Subdivision (b).*

"Section 473, subdivision (b) provides for two distinct types of relief.  Under the discretionary relief provision, on a showing of 'mistake, inadvertence, surprise, or excusable neglect,' the court has discretion to allow relief from a 'judgment, dismissal, order, or other proceeding taken against' a party or his or her attorney.  Under the mandatory relief provision, on the other hand, upon a showing by attorney declaration of 'mistake, inadvertence, surprise, or neglect,' the court shall vacate any 'resulting default judgment or dismissal entered.'  [¶]  The range of attorney conduct for which relief can be granted in the mandatory provision is broader than that in the discretionary provision, and includes inexcusable neglect.  But the range of adverse litigation results from which relief can be granted is narrower.  Mandatory relief only extends to *vacating* a default which will result in the entry of a default judgment, a default judgment, or an *entered* dismissal."  (*Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 615-616; see *Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1124 ["[s]ection 473, subdivision (b) provides for two distinct types of relief—commonly differentiated as 'discretionary' and 'mandatory'—from certain prior actions or proceedings in the trial court"].)

The trial court found that the Minkoffs were entitled to relief under the mandatory provision of the statute.  We conclude that an order dismissing an action for failure to timely file an undertaking under section 1030 is not the type of dismissal for which the mandatory provision of section 473, subdivision (b), is available.

Courts apply the mandatory provision of section 473, subdivision (b), not to all dismissals, but only to those dismissals that "'are the *procedural equivalent of defaults*— i.e., those which occur because the plaintiff's attorney *has failed to oppose a dismissal motion*.'  [Citation.]" (*Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 618; see *Matera v. McLeod* (2006) 145 Cal.App.4th 44, 64 ["courts

9

have stated that a 'dismissal' for purposes of the mandatory relief provision is limited to a dismissal that results from the failure to oppose a motion to dismiss"]; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 484 ["the mandatory provision of section 473, subdivision (b) applies only to those situations in which the mistake causes a failure to oppose a dismissal motion, such as failing to appear for the hearing on the motion"].) Thus, when in 1992 "the Legislature incorporated dismissals into section 473, subdivision (b) it intended to reach only those dismissals which occur through failure to oppose a dismissal motion . . . ." (*Leader*, *supra*, at p. 620.) As a result, courts have held that a plaintiff is not entitled to mandatory relief under section 473, subdivision (b), from dismissals for delay in prosecution, failure to serve the complaint in a timely manner, after the sustaining of a demurrer based on the expiration of the statute of limitations, failure to file an amended complaint after the sustaining of a demurrer with leave to amend, failure to request a hearing on alleged CEQA violations within the statutory deadline, pursuant to a settlement agreement, and a voluntary dismissal. (*Matera*, *supra*, at pp. 64-65; *Nacimiento Regional Water Management Advisory Com. v. Monterey County Water Resources Agency* (2004) 122 Cal.App.4th 961, 967-968.)

The dismissal in this case, following a contested motion to dismiss for failure to file an undertaking within the 30-day limit of section 1030, subdivision (d), was not the kind of dismissal for which mandatory relief is available under section 473, subdivision (b). (See *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 683 [mandatory provision of section 473, subdivision (b), was not meant to apply to "a motion lost, on its merits, after opposition was filed"].) The dismissal here was not in the nature of a default, but instead occurred only after the County had filed a motion to dismiss on statutory notice, the Minkoffs had filed an opposition on the merits (late, but considered by the trial court), and had appeared through counsel at the hearing on the motion. The Minkoffs argued that they lived in Georgia, relied on their attorney in California (who was far away and very busy), and experienced unanticipated delays and difficulties in obtaining the bond. The opposition may have had some deficiencies, such as an absence of any declarations in support of the memorandum of points and authorities, but it was an

10

opposition on the merits, followed by court hearing at which counsel for the Minkoffs had a full and fair opportunity to be, and was, heard. (See *Leader v. Health Industries of America, Inc.*, *supra*, 89 Cal.App.4th at p. 621 ["the 'day in court' envisioned by the . . . decisions [under the mandatory provision of section 473, subdivision (b)] is not a guaranteed trial on the merits, but merely the opportunity to appear and present evidence and argument *in opposition to the motion to dismiss*"].)

Moreover, the factual basis of the Minkoffs' motion under section 473, subdivision (b), was the same as that of their opposition to the County's motion to dismiss pursuant to section 1030. Both motions emphasized counsel's long hearing days in dependency court, the difficulties of working with distant clients, and the delays experienced in obtaining the bond. As was the case in *Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, the Minkoffs' "motion for relief merely restated the evidence and arguments offered in opposing dismissal and in seeking reconsideration of the dismissal order; the only new element was the attorney's claim of mistake or neglect and evidence in support thereof. To the extent [the] section 473 motion restated and reargued facts and arguments tendered at the original motion to dismiss, his motion was properly denied because, "'A motion for relief from [dismissal] may not be used to merely amplify or supplement the evidence and argument[s] that were presented in opposition to the original motion to dismiss. [Citation.]'" [Citation.]" (*Id.* at p. 1825; see *Gotschall v. Daley*, *supra*, 96 Cal.App.4th at p. 483 ["[s]ection 473, subdivision (b) was never intended to be a 'catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal'"].)

> B. *Remand Is Appropriate for the Trial Court To Rule on Whether the Minkoffs Are Entitled to Discretionary Relief Under Section 473, Subdivision (b).*

Generally, a notice of motion must state whether the moving party is seeking relief under the mandatory or discretionary provision of section 473, subdivision (b). (*Luri v. Greenwald*, *supra*, 107 Cal.App.4th at pp. 1126-1127; see Cal. Rules of Court,

11

rule 3.1110.) As noted, the Minkoffs' motion did not include a notice of motion and did not differentiate between the mandatory and discretionary provisions of section 473, subdivision (b). In such a situation, "the trial court could reasonably have rejected the entire motion as defective and noncompliant with California rules and statutes." (*Luri*, *supra*, at p. 1127.) The trial court had discretion, however, to overlook these defects, if the supporting motion papers made clear the grounds for relief sought. (*Id.* at p. 1125.) Here, the trial court overlooked the defects and granted relief based on the mandatory provision of the statute, a ruling we have concluded was erroneous, and never ruled on the request for relief under the discretionary provision. We therefore remand the matter for the trial court to determine whether the Minkoffs are entitled to discretionary relief under section 473, subdivision (b). (See *Right Site Coalition v. Los Angeles Unified School Dist.* (2008) 160 Cal.App.4th 336, 345 ["it is the role of this court to review the trial court's exercise of its discretion . . . rather than to exercise discretion in the first instance"]; *Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1181 ["remand to allow trial court to exercise discretion is proper after reversal for failing to exercise discretion"].)

## DISPOSITION

The order vacating the dismissal of the Minkoffs' action is reversed and remanded with instructions to deny the motion pursuant to the mandatory provision of section 473, subdivision (b), and to consider whether the Minkoffs are entitled to relief under the discretionary provision of section 473, subdivision (b). Each side is to bear its costs on appeal.

SEGAL, J.[*]

We concur:


PERLUSS, P. J.


WOODS, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.