Filed 5/26/21  Knitter & Knitter v. Du Par CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KNITTER & KNITTER, LLP<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIZABETH DU PAR,<br><br>        Defendant and Appellant. | A157660<br><br>(Solano County<br>Super. Ct. No. FCS052299) |

The law firm Knitter & Knitter, LLP (Knitter) sued its former client Elizabeth Du Par, a licensed attorney, for unpaid legal fees.  The case went to arbitration under the Mandatory Fee Arbitration Act (MFAA) (Bus. & Prof. Code, §§ 6200-6206).[1]  Knitter prevailed and was awarded approximately $13,000 in unpaid fees, which the trial court confirmed.  Du Par appeals from the trial court's order confirming the arbitration award.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Du Par provided care for her mother pursuant to a Durable Power of Attorney (DPOA).  When Adult Protective Services (APS) questioned her care, Du Par retained Knitter to defend her against APS's allegations (referred to as the APS representation) and executed a written fee agreement

---

[1]     All statutory references are to the Business and Professions Code unless otherwise stated.

1

with the law firm in March 2015. According to Du Par, Knitter handled the matter well and the APS issue " 'went away.' "

Subsequently, Du Par asked for Knitter's help in accessing funds from her mother's trust in order to meet her aging mother's increased needs, incident to the DPOA. Knitter also represented Du Par in this capacity (referred to as the DPOA representation), which proceeded under the existing fee agreement.

Knitter charged Du Par $21,547.50 for services rendered. At some point, the parties agreed to modify the fee agreement. Under the modification, Du Par immediately paid Knitter a $5,000 lump sum and committed to $1,000 monthly payments until the balance was paid. Eventually, a fee dispute emerged over a $13,235.90 outstanding balance.[2]

In April 2018, Knitter sued Du Par for breach of contract, quantum meruit, and other claims. Though Knitter did not serve Du Par with mandatory notice of her right to arbitrate its fee claims under the MFAA, Du Par asked to arbitrate the fee dispute. Arbitration commenced, and Knitter's action was stayed.

At the October 2018 arbitration hearing, there was "no dispute as to the remaining fees owed, their reasonableness, or the adequacy of the services provided," and Du Par complimented Knitter on the quality of the

---

[2] Du Par requests we take judicial notice of "Arbitration Binder documents," which include many of the email exchanges between the parties underlying the dispute. Du Par makes the request so that "references to [the documents] may be included in the opening brief." We deny the request as these documents were not presented to the trial court and are unnecessary to resolution of the issues presented in this appeal. (*Arce v. Kaiser Foundation Health Plan* (2010) 181 Cal.App.4th 471, 483, fn. 5 [documents that were not before the trial court are not proper subjects of judicial notice]; *Gbur v. Cohen* (1979) 93 Cal.App.3d 296, 301 [courts will take judicial notice of only relevant information].)

firm's work. While Du Par did not dispute that she was ultimately personally liable for Knitter's fees, she argued that her mother's trust should cover the cost as much of the outstanding balance arose from the DPOA representation. To request reimbursement from the trust, she had asked Knitter to provide her separate invoices for each representation, which Knitter refused.

The arbitration panel found Du Par was personally responsible for the fees owed and in breach of the fee agreement. The panel also found that a new or separate retainer agreement for the DPOA representation "would have been wise and may have avoided the instant dispute" but was not required under the Business & Professions Code or by the initial fee agreement. However, it did not find Knitter's arguments for refusing to prepare separate invoices persuasive. Further, while the panel found that Knitter failed to provide Du Par notice of her right to arbitrate the fee dispute, it concluded the stay of Knitter's lawsuit pending the arbitration satisfactorily remedied the error. The panel awarded Knitter $13,235.90 plus contractual interest on the unpaid balance until the debt was paid in full, subject to a $250 offset for the arbitration filing fee.

Knitter petitioned the trial court to confirm the arbitration award, and Du Par did not oppose the petition. The court confirmed the award and entered judgment for Knitter. Du Par appeals.

## DISCUSSION

Du Par asserts multiple grounds for reversing the court's order confirming the arbitration award. None of them are persuasive.

### A.     MFAA Overview and Standard of Review

The MFAA is "a separate and distinct arbitration scheme applicable to disputes between clients and attorneys over legal fees, costs, or both.

3

[Citations.] [¶] Unlike arbitration based on an agreement under the [California Arbitration Act], arbitration under the MFAA is based on statute and does not require a prior agreement. [Citations.] The MFAA arbitration is voluntary for the client, but mandatory for the attorney if commenced by the client. [Citations.] An award under the MFAA is not binding, absent a written agreement to make it binding by the parties." (*Rosenson v. Greenberg Glusker Fields Claman & Machtinger LLP* (2012) 203 Cal.App.4th 688, 692–693; § 6200, subds. (a), (c).)

"In order to protect the client's right to arbitration under the statute, an attorney wishing to pursue a claim for fees must first, prior to or at the time of serving an action—and only *after* a fee dispute has arisen [citation]—send the client a notice advising of its right to arbitration under the MFAA. [Citation.] If an attorney initiates an action or proceeding against the client for fees, the client may elect to stay the action by requesting arbitration before answering." (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 597; § 6201, subds. (a)-(c).)

"[A] party may petition to confirm an arbitration award . . . . If an arbitration order is confirmed, the court is required to enter judgment thereon, and '[t]he judgment so entered has the same force and effect as . . . a judgment in a civil action of the same jurisdictional classification . . . ' and is enforceable in the same manner. [Citations.] An appeal will lie from the judgment entered on the order confirming the arbitration award." (*Giorgianni v. Crowley* (2011) 197 Cal.App.4th 1462, 1470, fn. omitted; § 6203, subd. (b).)

" 'On appeal from an order confirming an arbitration award, we review the trial court's order (not the arbitration award) under a de novo standard. [Citations.] To the extent that the trial court's ruling rests upon a

4

determination of disputed factual issues, we apply the substantial evidence test to those issues.' " (*Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1217.)

## B. The Fee Dispute Was Properly Subject to Arbitration.

As an initial matter, Du Par argues that the case was exempt from arbitration under California Rules of Court, rule 3.811(b) because it included a claim for equitable relief. We disagree.

Rule 3.811(b) exempts certain categories of cases from arbitration, including "[c]ases that include a prayer for equitable relief that is not frivolous or insubstantial." (Cal. Rules of Court, rule 3.811(b)(1).) We have no trouble concluding the equitable remedy (quantum meruit)[3] asserted by Knitter was insubstantial and, hence, the relief exemption did not apply. Knitter's first and primary cause of action was for breach of contract, and the $13,235.90 in unpaid legal fees pursuant to the parties' fee agreement was the crux of the dispute. The arbitration panel never considered the quantum meruit claim or other equitable relief in its analysis or award. As such, it was an insubstantial claim that was not grounds for an exemption under rule 3.811(b), and the parties' dispute was properly subject to arbitration.

## C. Knitter's Failure to Provide Du Par Notice of Her Right to Arbitrate Did Not Mandate Dismissal.

Du Par suggests the case should have been dismissed because Knitter failed to provide her with the requisite notice of her right to arbitrate. Again, we disagree.

Section 6201, subdivision (a), which Du Par cites for her argument, states in part, "Failure to give this notice [of the right to arbitrate] shall be a ground for the dismissal of the action or other proceeding." (§ 6201, subd.

---

[3] See *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59, 88 [quantum meruit is an equitable doctrine].

(a).) Although that provision uses the term "shall," it is well established that dismissal of an action for an attorney's failure to give notice to a client of the client's right to arbitrate a fee dispute is discretionary, not mandatory. (*Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1177 (*Richards*); *Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1091; *Wager v. Mirzayance* (1998) 67 Cal.App.4th 1187, 1191.) Relevant to the dismissal decision is whether the client is sophisticated and aware of the arbitration right in the absence of the notice. (See *Richards*, at p. 180.)

Here, Knitter's admitted failure to provide Du Par notice of her right to arbitrate did not mandate dismissal. As an attorney, Du Par was well aware of and asserted her right to arbitration without the notice and voluntarily participated in a full arbitration rather than requesting dismissal. Within approximately six months of Knitter's complaint, the fee dispute was heard before a three-person arbitration panel and a decision was issued. Meanwhile, Knitter's action was stayed. Under these circumstances, the arbitration panel properly concluded Knitter's omission had been adequately remedied.

## D. The Trial Court Did Not Err in Confirming the Award.

Du Par further contends the trial court should have vacated the arbitration award because it "was only a partial finding" and failed to address her breach of fiduciary duty claims against Knitter.[4] Once again, we disagree.

---

[4] Without citation to any authority, Du Par also contends the court should have vacated the award because of Knitter's "improper notice, and due to the fact that the matter was exempt from arbitration." We do not address this argument. (See, e.g., *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 947 [conclusory assertions in brief unsupported by citations to evidence or legal

6

"Under California law, the scope of judicial review of arbitration awards is very narrow. [Citations.] Consistent with this limited role, a court may vacate an arbitral award only on certain statutorily enumerated grounds. [Citation.] These are laid out in the Code of Civil Procedure, and reflect not error in the merits of the decision, but ' " circumstances involving serious problems with the award itself, or with the fairness of the arbitration process." ' " (*VVA-TWO, LLC v. Impact Development Group, LLC* (2020) 48 Cal.App.5th 985, 998 (*VVA-TWO*).) The limited grounds for vacating an award are set forth in Code of Civil Procedure section 1286.2, subdivision (a).[5] Courts have also recognized an award may be vacated when it fails to fully "determin[e] . . . all the questions submitted to the arbitrators[,] the decision of which is necessary in order to determine the controversy.' " (Code Civ. Proc., § 1283.4; see *M.B. Zaninovich, Inc. v. Teamster Farmworker Local Union 946* (1978) 86 Cal.App.3d 410, 415; *VVA-TWO*, at p. 998.) Du Par seeks to vacate the award under this latter authority.

---

authority are forfeited].) In any event, these contentions echo Du Par's two earlier arguments which we have rejected.

[5] Under this provision, the trial court must vacate an award if it determines that: (1) the award was procured by corruption, fraud or other undue means; (2) there was corruption in any of the arbitrators; (3) the rights of the party were substantially prejudiced by misconduct of a neutral arbitrator; (4) the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision; (5) the rights of the party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title; or (6) the arbitrator failed to disclose within the time required for disclosure a ground for disqualification of which the arbitrator was then aware or was subject to disqualification upon grounds specified in section 1281.91. (Code Civ. Proc., § 1286.2, subd. (a); *Malek Media Group LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 821.)

We will not, however, consider Du Par's vacatur argument. " '[A]s a general rule, "issues not raised in the trial court cannot be raised for the first time on appeal." ' " (*Rancho Mirage Country Club Homeowners Assn.* *Hazelbaker* (2016) 2 Cal.App.5th 252, 264 (*Rancho Mirage*); *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 ["It is axiomatic that arguments not asserted [in the trial court] are waived and will not be considered for the first time on appeal."].) There is no indication Du Par ever raised her incompleteness argument in the trial court. The record contains no response to Knitter's petition to confirm the award, nor did she raise her objections with the court at the hearing on that petition. There is also nothing in the record indicating she sought to vacate or correct the award based on its purported incompleteness.

Even if Du Par had raised the incompleteness issue in the trial court, we would not reverse. Du Par's breach of fiduciary duty claim centers on Knitter's failure to provide her separate billing for the APS and DPOA representations. In Du Par's view, Knitter "conflicted her interests with his" and "placed his own interest above his client's interest" by refusing to separate the billing, which prevented Du Par from submitting the fees to the trust for reimbursement. These issues were squarely before the arbitration panel. The panel recognized there was no dispute as to the adequacy of Knitter's legal work and found Knitter's work to be of good quality. Even though the panel thought Knitter should have provided Du Par separate invoices, it recognized the firm had no obligation to do so under statute or the parties' fee agreement to separate the invoices. In short, the arbitrators properly considered and determined the issues Du Par presented them.

Finally, Du Par argues the substantive merits of her breach of fiduciary duty claim and asserts considerable arguments and authorities for the first

time in her reply brief.  Even assuming we could consider these arguments on the merits, we decline to do so.  None of them were raised in the trial court, and we will not consider them for the first time on appeal.  (See *Rancho Mirage, supra*, 2 Cal.App.5th at p. 264.)

## DISPOSITION

The judgment is affirmed.  The parties are to bear their own costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Fujisaki, Acting P.J.


_____
Wiseman, J.*


_____

*Knitter & Knitter, LLP v. Du Par/A157660*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10